MEMORANDUM *
Petitioner David Hartley appeals the District Court’s order dismissing his federal habeas petition as untimely.[1] The District Court concluded that Hartley was not entitled to equitable tolling. We affirm.
“We review de novo a district court’s dismissal of a petition for writ of habeas corpus under [the Antiterrorism and Effective Death Penalty Act’s] statute of limitations.” Summers v. Schriro, 481 F.3d 710, 712 (9th Cir.2007). “The court’s decision to deny an evidentiary hearing is reviewed for abuse of discretion.” Tapia v. Roe, 189 F.3d 1052, 1056 (9th Cir.1999).
The Ninth Circuit has long held that the Antiterrorism and Effective Death Penalty Act may be equitably tolled. See, e.g., Harris v. Carter, 515 F.3d 1051, 1055 n. 4 (9th Cir.2008); Lott v. Mueller, 304 F.3d 918, 922 (9th Cir.2002); Calderon v. U.S. Dist. Ct. D.C.A. (Beeler), 128 F.3d 1283, 1287-89 (9th Cir.1997), overruled on other grounds by Calderon v. U.S. Dist. Ct. D.C.A. (Kelly), 163 F.3d 530 (9th Cir.1998) (en banc).
Hartley urges the panel to use an “objective stop-clock analysis.” Although Judge McKeown, in her concurrence in Lott, did not join in the majority opinion because it “implie[d] a type of but-for causation analysis [that] was squarely rejected in Socop,” 304 F.3d at 926, this court has repeatedly held that there must be a causal link between lateness and the extraordinary circumstances, see Bryant v. Schriro, 499 F.3d 1056, 1061 (9th Cir.2007) (“[Petitioner] has failed to establish the requisite *688 causal connection.”); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir.2006); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir.2005); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.2003).
Thus, even assuming that the delay in the receipt of his legal file and the prison lockdown were extraordinary circumstances, Hartley’s argument fails for lack of causation. The legal file deprivation in this case was comparatively short. Cf. Espinoza-Matthews v. California, 432 F.3d 1021, 1028 (9th Cir.2005) (tolling where petitioner was deprived of his papers for eleven months, and had only one month to file). More importantly, Hartley presents no evidence or explanation as to why he was able to file his state petitions in April 2005 (eight months after receipt of his materials, three months after the lock-down, and thirteen months before filing his federal petition) if he was hampered by the delay.
Hartley relies heavily on Lott, 304 F.3d at 918. Although the court in Lott granted equitable tolling to a petitioner who was deprived of access to his materials for eighty-two days, it recognized that the causal link, if based solely on the transfers, was tenuous. Id. (“If Lott’s ... transfer ended only a day after his AEDPA filing period had lapsed, a finding of impossibility could more easily be fitted into the case law.”). Lott qualified only because there was uncertainty in the case law, later resolved, as to when the statute would have been tolled and he “could reasonably have believed that his filing deadline would be upon him [witbjin six days” of his last transfer. Id. at 923. Because Hartley has not made such a showing, he has failed to demonstrate the necessary causal link. See id. Accordingly, the District Court did not err when it found that Hartley was not entitled to equitable tolling.
Because the facts alleged by Hartley do not warrant equitable tolling, see Schriro v. Landrigan, 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007), the District Court also did not abuse its discretion in denying Hartley an evidentiary hearing.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Hartley also briefed an issue that was not certified by the motions panel. We decline to expand the Certificate of Appealability in this case. See 9th Cir. R. 22-l(e).